UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

JULIANNE GARISTO,

    Plaintiff,

v.                                                CASE NO.: 8:19-CV-975-T-36TGW

WORKNET PINELLAS, INC.
d/b/a CAREERSOURCE
PINELLAS,
a Florida Not For Profit Corp.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, WorkNet Pinellas, Inc. d/b/a CareerSource Pinellas ("WorkNet" or "Defendant"), hereby answers the Second Amended Complaint filed by Plaintiff, Julianne Garisto ("Garisto" or "Plaintiff"), and responds to the correspondingly numbered paragraphs as follows:

### INTRODUCTION

1. Admitted that this purports to be such an action and that Plaintiff seeks such damages. Denied that she is entitled to any relief. Otherwise, denied.

### JURISDICTION

2. Admitted that Plaintiff seeks such damages. Denied that she is entitled to any relief. Otherwise, denied.

3. Admitted for jurisdictional purposes only. Otherwise, denied.

1

4. Admitted that venue and jurisdiction are proper. Otherwise, denied.

## PARTIES

5. Admitted.

6. Admitted.

7. Without knowledge as to Plaintiff's residence, therefore denied. Admitted that Plaintiff worked for Defendant in Pinellas County, Florida. Otherwise, denied.

8. Admitted.

9. Admitted that Plaintiff requested intermittent FMLA leave in October 2016, was eligible at that time for such leave, and that WorkNet granted such leave. Admitted that Plaintiff requested full-time FMLA leave in April 2017, was eligible at that time for such leave, and that WorkNet granted such leave. To the extent Plaintiff alleges she was entitled to or requested FMLA leave after June 3, 2017, denied. Otherwise, without knowledge, therefore denied.

10. Admitted.

## FACTUAL ALLEGATIONS

11. Admitted that Plaintiff worked for WorkNet for a number of years before she ended her own employment in 2017. Denied that Plaintiff was unlawfully terminated. Otherwise, without knowledge, therefore denied.

12. Denied. In fact, Plaintiff was counseled about her poor performance, including but not necessarily limited to counseling in February 2017, prior to Haley Loeun ("Ms. Loeun") becoming her supervisor, as well as subsequent counseling after Ms. Loeun became her supervisor.

2

13. Admitted that Plaintiff applied and was approved for intermittent leave starting in October 2016 and full-time leave starting in April 2017. Admitted that Defendant granted Plaintiff all the FMLA leave she requested. Otherwise, without knowledge, therefore denied.

14. Admitted that Plaintiff applied and was approved for intermittent leave starting in October 2016 and full-time leave starting in April 2017. Admitted that Defendant granted Plaintiff all the FMLA leave she requested. Otherwise, without knowledge, therefore denied.

15. Admitted that Plaintiff applied and was approved for intermittent leave starting in October 2016 and full-time leave starting in April 2017. Admitted that Plaintiff was on FMLA leave until June 3, 2017. Admitted that Defendant granted Plaintiff all the FMLA leave she requested. Otherwise, without knowledge, therefore denied.

16. Admitted that Kristin Dailey was among Plaintiff's supervisors prior to Plaintiff's FMLA leave, but denied that Kristin Dailey was Plaintiff's only supervisor prior to her FMLA leave. Otherwise, denied.

17. Denied.

18. Admitted that Ms. Loeun was Plaintiff's direct supervisor when Plaintiff returned from FMLA leave. Otherwise, without knowledge, therefore denied.

19. Admitted that Plaintiff was placed on a Performance Improvement Plan ("PIP"). Otherwise, without knowledge, therefore denied.

20. Denied that Plaintiff said her PIP was unwarranted to Alice Cobb ("Ms. Cobb"); without knowledge, therefore denied, as to whether she said that to Ms. Loeun. Otherwise, without knowledge, therefore denied.

21. Denied that Plaintiff said her PIP was unwarranted to Ms. Cobb. Denied that Ms.

Loeun ever stated to Ms. Cobb that she had a method of "getting rid of someone [by changing] their performance measures to be unattainable." Denied that the performance expectations were unattainable. Otherwise, without knowledge, therefore denied.

22. Admitted that Plaintiff did not meet her goals and was told she was not meeting her goals during meetings with Ms. Cobb and Ms. Loeun; Plaintiff admitted she was not meeting her goals and said that she would work harder to try to meet them. Denied that termination was the only option, as the purpose of a PIP is to improve performance in hopes of avoiding further discipline such as termination. In fact, during the meetings with Ms. Cobb and Ms. Loeun, Ms. Loeun offered advice and tips to Plaintiff to try to help her reach her goals. Denied that Ms. Cobb or Ms. Loeun threatened termination in the group meetings in which Ms. Cobb was present. Otherwise, without knowledge, therefore denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied there were false reports. Otherwise, without knowledge, therefore denied.

32. Admitted that some WorkNet employees completed some fields with

4

placeholder information. Otherwise, denied.

33. Denied.

34. Admitted that entering information about services for individuals was part of some WorkNet employees' job duties. Otherwise, denied.

35. Denied.

36. Denied that Ms. Loeun threatened Plaintiff in front of Ms. Cobb. Otherwise, without knowledge, therefore denied.

37. Denied.

38. Denied.

39. Without knowledge as to Plaintiff's belief. Denied that Defendant's conduct violated any law, rule, or regulation and denied that any such belief is reasonable. Otherwise, denied.

40. Denied.

41. This paragraph contains no factual allegations requiring Defendant's response.

42. Without knowledge as to Plaintiff's belief. Denied that Defendant's conduct violated any law, rule, or regulation and denied that any such belief is reasonable. Otherwise, denied.

43. Denied that Plaintiff made any such objections or alleged any illegal behavior in any meeting or communication with Ms. Cobb, despite multiple opportunities to do so. Otherwise, without knowledge, therefore denied.

44. Denied.

45. Admitted that Plaintiff had ongoing performance issues at the time she ended her own employment. Denied that Plaintiff was terminated. Otherwise, denied.

46. Admitted that Plaintiff had ongoing performance issues at the time she ended her own employment. Denied that Plaintiff was terminated. Otherwise, denied.

47. Admitted that Plaintiff had ongoing performance issues at the time she ended her own employment. Denied that Plaintiff was terminated. Otherwise, denied.

48. Admitted that Plaintiff had ongoing performance issues at the time she ended her own employment. Denied that Plaintiff was terminated. Otherwise, denied.

49. This paragraph contains no coherent factual allegation that is subject to a response. However, to the extent this paragraph is intended to allege that there is temporal proximity between Plaintiff's alleged objection and any alleged adverse employment action indicating some kind of causal connection, denied.

50. This paragraph contains no factual allegation requiring Defendant's response. However, Defendant denies that this paragraph sets forth an accurate statement of the law.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

### COUNT I-
### FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

55. Defendant restates its responses to paragraphs 1-12 and 30-54 as though fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

Admitted that Plaintiff seeks such relief. Denied that she is entitled to any relief. Otherwise, denied.

## COUNT II
## UNLAWFUL INTERFERENCE UNDER THE FMLA

60. Defendant restates its responses to paragraphs 1-29 as though fully set forth herein.

61. Denied.

62. Denied.

63. Denied any interference occurred.

64. Denied.

65. Denied.

Admitted that Plaintiff seeks such relief. Denied that she is entitled to any relief. Otherwise, denied.

## COUNT III
## UNLAWFUL RETALIATION UNDER THE FMLA

66. Defendant restates its responses to paragraphs 1-29 as though fully set forth herein.

67. Denied.

68. Denied.

69. Denied any retaliation occurred.

70. Denied.

71. Denied.

72. Denied.

Admitted that Plaintiff seeks such relief. Denied that she is entitled to any relief. Otherwise, denied.

## DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred because her Second Amended Complaint fails to state a cause of action. For example, the Plaintiff's Florida Private Whistleblower Act claim fails to adequately allege facts showing actual violations of the laws, rules, or regulations the Plaintiff allegedly objected to, and fails to adequately allege temporal proximity between her alleged objection and the alleged adverse action. As another example, Plaintiff's FMLA interference claim contains only conclusory allegations tracking the language of the statute, and it fails to allege that Plaintiff was denied any benefit under the FMLA. Finally, Plaintiff's FMLA retaliation claim fails to state any material facts indicating Plaintiff was terminated for her previous use of FMLA, which ended months prior to the separation of her employment.

### SECOND DEFENSE

Plaintiff's claim under the Florida Private Sector Whistleblower Act is barred because no actual violation of a law, rule, or regulation took place in connection with the end of Plaintiff's employment.

### THIRD DEFENSE

Plaintiff's claims are barred because no adverse employment action occurred. Plaintiff was not terminated from WorkNet; instead, she quit when she emailed WorkNet to admit that she had not met her performance goals, told WorkNet she did not see a point in "putting us all through another difficult meeting" to discuss her performance problems, and admitted that she was "truly sorry that [her employment] didn't work out."

### FOURTH DEFENSE

Plaintiff's claims are barred because, even if WorkNet had terminated Plaintiff's employment, which it did not, it had legitimate, non-discriminatory, and non-retaliatory reasons to do so unrelated to her FMLA leave or any protected activity (including, but not limited to, her performance issues). Her PIP was initiated for her performance issues, including but not limited to her failure to meet department-wide goals for her position; the PIP and her separation of employment (which she initiated) did not occur because she exercised her FMLA rights or engaged in any protected activity.

### FIFTH DEFENSE

Plaintiff's claims are barred because she did not engage in protected activity.

### SIXTH DEFENSE

Plaintiff's claims are barred because WorkNet did not engage in unlawful conduct, and (without waiving WorkNet's position that an actual violation of law must occur to state a claim) to the extent Plaintiff had a subjective belief that WorkNet had engaged in unlawful conduct, such subjective belief was not objectively reasonable.

### SEVENTH DEFENSE

Plaintiff's claims are barred because she did not give WorkNet notice of any alleged unlawful conduct or afford WorkNet an opportunity to correct such violation, as Plaintiff was

required to do by WorkNet's uniformly applied harassment, discrimination and retaliation policies.

### EIGHTH DEFENSE

Plaintiff's claims are barred because she cannot show that there were similarly situated employees at WorkNet who had similar performance deficiencies who were treated more favorably than Plaintiff.

### NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands, because Plaintiff failed to identify any unlawful actions being taken by WorkNet in any meeting with Ms. Cobb, despite ample opportunities to do so. In fact, during such meetings, she recognized she was not meeting her performance goals, said she would work to try to meet them, and even hugged Ms. Cobb.

### TENTH DEFENSE

Any damages suffered by Plaintiff are the result of her own acts or omissions, including her poor work performance and the fact that she resigned.

### ELEVENTH DEFENSE

Without admitting that Plaintiff suffered any damages, Plaintiff's claims for damages are barred or reduced because she failed to mitigate her damages by, among other things, (i) quitting her employment with WorkNet before waiting for a meeting with her supervisors to discuss her performance; and (ii) her failure to make reasonable efforts to obtain comparable employment, to the extent she has failed to do so.

### TWELFTH DEFENSE

Without admitting that Plaintiff suffered any damages, Plaintiff's claims for damages are barred or reduced because any action by WorkNet was taken in good faith and WorkNet had reasonable grounds for believing its acts or omissions did not violate the FMLA or any other applicable law.

## THIRTEENTH DEFENSE

Without admitting that Plaintiff suffered any damages, Plaintiff's claims for damages are subject to being off-set by the amount of money she received from any source, including amounts earned from employment after her departure from WorkNet.

WorkNet hereby gives notice that it intends to rely upon such other further defenses as may be disclosed, or as may become available or apparent during discovery, pretrial, or trial proceedings in this action and hereby reserves its rights to amend this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and assert all such defenses as they become known.

## DEMAND FOR ATTORNEYS' FEES

WorkNet has retained the undersigned attorneys to represent its interests in this lawsuit and said attorneys are entitled to a reasonable fee for their services. Plaintiff is responsible for WorkNet's attorneys' fees and costs pursuant to Fla. Stat. § 448.104.

## CERTIFICATE OF SERVICE

I certify that on July 22, 2019, I electronically filed the foregoing Answer and Defenses to Second Amended Complaint by using the CM/ECF system which will serve notice and a copy on all counsel of record.

/s/ *Jacqueline M. Prats*
ALICIA H. KOEPKE – FBN 0026330
*akoepke@trenam.com; achrisman@trenam.com*
JACQUELINE M. PRATS – FBN 0118862
*jprats@trenam.com; lvalente@trenam.com*
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Blvd., Suite 2700
Tampa, Florida 33602-5150
Tel: (813) 223-7474 / Fax: (813) 229-6553
*Attorneys for Defendant*